UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VANESSA HOLSTON,

    Plaintiff,

v.                                    Case No.:  2:22-cv-490-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff Vanessa Holston sues under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner of Social Security's decision denying her application for disability insurance benefits. (Doc. 1.) The Commissioner has responded and filed the record. (Doc. 18.) For the reasons below, the Commissioner's decision is affirmed.

## **I. Background**

The procedural history, administrative record, and law are summarized in the parties' briefs (Doc. 18; Doc. 22; Doc. 23; Doc. 24) and not fully repeated here. In short, Holston filed for benefits in 2020 alleging disability dating back to 2018. (Tr. 165-171.)[1] Holston claimed she could no longer work because of various physical ailments, namely pain in her lower back and hips. (Tr. 39.)

---

[1] Citations to the administrative record are designated by "Tr." with a pin-cite if needed.

Additionally, Holston alleged mental impairments that limited her ability to work, namely anxiety and depression. (Tr. 43.) Her application was twice denied (Tr. 98-110) before she requested a hearing with an Administrative Law Judge. (Tr. 138-143.)

After reviewing testimony and medical records, the ALJ found that Holston had severe impairments of takotsubo cardiomyopathy, degenerative changes to the right knee, right foot and right hip, bilateral carpal tunnel syndrome, depression, anxiety, and obesity. (Tr. 19.) These impairments admittedly limited Holston's "ability to perform basic work activities as required by SSR 85-28." (Tr. 19.) Nevertheless, the ALJ concluded that she was not disabled.

As required under the existing regulations, the ALJ evaluated the entire record to determine Holston's Residual Functioning Capacity (RFC), which describes "gainful work activities [Holston] can or cannot do." 20 C.F.R. § 404.1545.[2] In other words, it is the most she can do despite her impairments. *Id.* On this score, the ALJ found that Holston

> has the residual functioning capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) such that [she] is limited to simple or involved tasks or instructions. [Holston] can have no more than frequent interaction with others at the

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

2

> worksite. [Holston] can perform only frequent reaching, handling, grasping, feeling, or fingering.

(Tr. 22.)

After considering the RFC and testimony from a vocational expert ("VE"), the ALJ determined that Holston could perform her past work as a companion. (Tr. 29.) Generally, the companion job is performed at the light exertional level and has a specific vocational preparation of three. The ALJ relied on VE testimony when he concluded an individual with Holston's RFC could meet these job requirements. (Tr. 29.)

Because Holston could perform her past work, the ALJ found her not disabled and rejected the application. (Tr. 29.) The Appeals Council denied Holston's request for further review, rendering the ALJ's decision final. (Tr. 2.) This appeal followed.

## II. Legal Standard

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "It is more than a mere scintilla but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The

3

Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Discussion

Holston's appeal focuses on the RFC. She claims "[t]he ALJ's finding for past relevant work is contrary to the [mental] limitations specified in his RFC." (Doc. 22 at 5-6.) Further, according to Holston, the VE recognized this conflict and testified that someone with her limitations *could not* work as a companion. (*Id.* at 6.) Thus, the "ALJ's determination cannot be considered based on

4

substantial evidence when it is in direct conflict with the evidence in the record." (*Id.* at 10-11.)

As explained below, the Court is satisfied that there exists no apparent conflict between Holston's prior work as a companion and the RFC. Moreover, there is substantial evidence in the record to find that Holston could perform the companion job.

### A.   Apparent Conflict

In the Eleventh Circuit, the ALJ "has an affirmative obligation to identify any apparent conflict" between "an RFC and job requirements" for past relevant work and "resolve it." *Sanchez v. Comm'r of Soc. Sec.*, No. 8:20-CV-2650-DNF, 2022 WL 633381, at *3 (M.D. Fla. Mar. 4, 2022). "It is the ALJ's duty to weigh the evidence and testimony, to resolve the conflicts in the evidence and testimony, and determine whether [the claimant] with his RFC can return to his past relevant work." *Battle v. Astrue*, 243 F. App'x 514, 523 (11th Cir. 2007).

As mentioned, the ALJ here found that Holston could return to work as a companion. All parties agree that this job has a "specific vocational preparation" of three and a "reasoning level" of three. (Doc. 22 at 6.) Thus, the question raised is whether these mental requirements conflict with the RFC assigned to Holston. To help answer this question, the Court takes a brief detour to discuss specific vocational preparation and reasoning levels.

Specific vocational preparation ("SVP") is defined as the "amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, App. C, Sec. II (4th ed., rev. 1991), 1991 WL 688702. SVP rankings are used by the Dictionary of Occupational Titles ("DOT") in assessing the skill level required to perform a particular job or function.

An SVP of two "means that that job requires anything beyond a short demonstration up to and including one month of time to learn the techniques, acquire the information, and develop the facility needed for average performance in the job." *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 872 (11th Cir. 2016). Going one step further, an SVP of three means that the time required is "1 to 3 months to learn the techniques, acquire the necessary information, and develop the facilities needed for average job performance." *Battle*, 243 F. Appx at 518 n.3.

In addition to SVP rankings, reasoning levels are provided to supply supplemental information about jobs listed in the DOT. *Chambers*, 662 F. App'x at 869. A reasoning level of two requires the claimant to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." DOT, App. C, Sec. II. Level three, on the

6

other hand, requires "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form." *Id.* Importantly, level three "lifts the restriction on how complex the instructions can be—allowing for any instructions." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021).

Turning back to this case, Holston claims her RFC, which says she can perform "simple" tasks or instructions, is incompatible with the companion job that has a reasoning level of three. Thus, the ALJ was "required to address the apparent conflict and provide a reasonable explanation." (Doc. 22 at 4.) Holston's argument is premised on *Viverette v. Comm'r of Soc. Sec.*, where the Eleventh Circuit held "there is an apparent conflict between an RFC limitation to simple, routine, and repetitive tasks and level 3 reasoning." 13 F.4th 1309, 1317 (11th Cir. 2021).

The problem for Holston is straightforward—the RFC did not limit her to simple tasks or instructions. The ALJ, rather, found she could handle "simple *or involved*" tasks and instructions. (Tr. 22 (emphasis added).) This puts her case outside *Viverette*'s orbit, which found a conflict where the claimant was cabined to simple subjects. *See, e.g., Szoke v. Kijakazi*, No. 8:21-CV-502-CPT, 2022 WL 17249443, at *11 (M.D. Fla. Nov. 28, 2022).

An ALJ is not required to resolve all lurking conflicts created by the evidence. *Jones v. Kijakazi*, No. CV 1:20-00527-N, 2022 WL 971988, at *15

(S.D. Ala. Mar. 30, 2022). Rather, an ALJ must only "identify and resolve *apparent* conflicts." *Viverette*, 13 F.4th at 1314 (emphasis added). "A conflict is apparent . . . when it is reasonably ascertainable or evident, i.e., when it is seemingly real or true, but not necessarily so." *Id.*

Contrary to Holston's claim, there is no apparent conflict here. As mentioned, a job with a reasoning level of two requires the ability to carry out detailed but uninvolved instructions. The Merriam-Webster definition of uninvolved is "not involved," "meaning not marked by extreme and often needless or excessive complexity." *Buckwalter*, 5 F.4th at 1323. The RFC says Holston can undertake "*involved* tasks or instructions." This necessarily puts her beyond level two, which alleviates any apparent tension with the companion position that sits at level three. To state the obvious, a restriction to "involved tasks" appears entirely consistent with reasoning level three, which is differentiated from level two based on that very feature. *See, e.g.*, *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (reasoning level three not inconsistent with the claimant's inability to do complex work).

With no apparent conflict on the record, the ALJ was not required to "provide a reasonable explanation for his finding that [Holston] could perform past relevant work." (Doc. 22 at 5.) The Court thus turns to the next issue concerning the VE's testimony.

8

### B. Vocational Expert Testimony

Building off the argument above, Holston next claims that the ALJ's conclusion she could perform her past work as a companion conflicts with the VE's testimony. According to Holston, after each hypothetical proposed to the VE, he testified that the reasoning level required for the companion job was too high for the RFC. (Doc. 22 at 6-7.) In essence, Holston argues that "it is clear when reading the entire transcript that the VE did not believe that [Holston] could perform [the companion position] given the RFC." (Doc. 24 at 2.) The Court disagrees.

Once an ALJ assesses a claimant's RFC, the ALJ must then determine whether the claimant retains the ability to perform past relevant work. One of the methods the ALJ may use to determine this issue is through the testimony of a vocational expert. *See Norman v. Colvin*, No. 3:12-CV-54-J-TEM, 2013 WL 1149266, at *5 (M.D. Fla. Mar. 19, 2013). The VE is typically asked whether the claimant can perform his past work based upon hypothetical questions about the claimant's abilities. *Hagan v. Kijakazi*, No. 2:20-CV-964-JTA, 2022 WL 3691614, at *5 (M.D. Ala. Aug. 25, 2022). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Taylor v. Astrue*, 562 F. Supp. 2d 1365, 1368 (N.D. Ala. 2008).

Following this framework, the ALJ here posed several hypotheticals to the VE. (Tr. 47-58.) Admittedly, the testimony is difficult to follow. The ALJ built several hypotheticals on top of each other, so it takes some tracing to confirm what was said. Among the discussion, however, is this exchange regarding the companion position:

> Q. Companion does not comply with simple or detailed tasks and instructions?
>
> A. That's correct.
>
> Q. What limitation upon the complexity of the task and instructions would comply with – with companion?
>
> A. I have here that it's, again, a reasoning level of 3, that it caries out more involved instructions.
>
> *Q. So the hypothetical would have to read simple or involved instructions?*
>
> *A. Yes. I apologize . . . .*

(Tr. 52 (emphasis added).) The ALJ later doubled back to confirm what RFC would comport with the companion job:

> Q. . . . "[L]et's call the restrictions on her ability to work is the light work involving nothing more than simple or involved tasks and instructions and involving no more than frequent interactions with others at the worksite and involving—and not involving high production demands.
>
> A. Your honor, I apologize, but I believe that you just defined low stress. If this—if the hypothetical individual was place at light with frequent interactions with all, then the companion occupation would remain under that hypothetical.
>
> Q. So companion would comply with this last hypothetical I gave you?

10

      A. It would—it—Your Honor[.]

(Tr. 57.) Holston's attorney was given a chance to question the VE. But counsel failed to raise any issue with (or clarify) the testimony regarding the companion position. (Tr. 57.)

      Holston's argument that the VE did not believe she could work as a companion collapses under the testimony above. The VE was asked, point-blank, would a hypothetical restriction to "simple or involved instructions" comply with the companion position. And she answered unequivocally yes. As noted, "simple or involved instructions" is the exact language used in the RFC. Nor can the Court agree that the VE was "confused." (Doc. 22 at 9.) When the ALJ posed the hypothetical, consistent with the RFC, the VE answered that past work as a companion would remain for someone who was limited to "simple or involved tasks or instructions." (Tr. 57.)

      In sum, the ALJ determined that Holston could perform either simple tasks or involved tasks. And the VE confirmed that an individual who can undertake involved tasks is capable of performing work as a companion. Thus, the ALJ's decision that Holston could perform her past work is supported by substantial evidence. *See, e.g., Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005).

## IV. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings. The Court thus **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Vanessa Holston and close the file.

**ENTERED** in Fort Myers, Florida on June 9, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record